PENINSULAR STATE BANK v. MILLER.

MORTGAGES—ACCOUNTING.

In suit to foreclose mortgage, where the issue was as to amount due, and the credit to be given defendant for certain notes, the decree of the court below as to amount due is affirmed.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted April 14, 1931. (Docket No. 86, Calendar No. 35,169.) Decided June 1, 1931.

Bill by Peninsular State Bank of Detroit, a Michigan corporation, against Frank P. Miller and another to foreclose a mortgage, for an accounting, and other relief. From decree entered, defendants appeal. Affirmed.

*Donnelly, Donnelly & Munro* and *Louis F. Dahling,* for plaintiff.

*Albert McClatchey* and *Harry J. Weber,* for defendants.

SHARPE, J. The bill of complaint herein was filed on February 17, 1922, to foreclose a real estate mortgage, executed by the defendants on August 21, 1918, to secure the payment of a promissory note of the same date in the sum of $30,000; $25,720.45 was alleged to be due thereon. The answer was, in effect, an admission of the allegations in the bill, except as to the amount due. The matter was referred to circuit court commissioner Nicol for the taking of proofs. On their submission to the trial court, he filed an opinion finding $18,095.30 to be due on the mortgage and for other charges incurred by the plaintiff in the preservation of its lien, and entered the usual decree for sale in default of the payment thereof. Defendants have appealed.

Amber A. Miller is the wife of Frank P. Miller. He is hereafter referred to as the defendant. It is his claim that the proof submitted on the accounting shows that the mortgage had been fully paid at the time the bill was filed. He claims that certain notes were wrongfully charged to his account, and that the amount thereof should have been credited to him

in the accounting. These are spoken of as the "Block Notes," and amounted to $2,531.52. These notes were originally given by defendant to the W. D. Block Motor Company in the purchase of an automobile, and were discounted by that company with the plaintiff. Subsequently, defendant gave plaintiff his own notes to take them up. This was done at the request of plaintiff's vice-president. Defendant, when first interrogated relative to them, said: "That had nothing to do with the contract account, but you at least deducted it. We are allowing you for that." He later objected to the allowance because the notes given to the Block company had not been delivered to him. They were later produced and put in evidence. Under the circumstances, we think these notes were properly chargeable to the defendant in the accounting.

Defendant claims that, while the note secured by the mortgage is in the sum of $30,000, another note which he calls "collateral" was also at that time executed for $25,000 for the same indebtedness, and that the proceeds of the latter were all that he received. His testimony to that effect is based on his recollection alone. That it is faulty is quite clearly shown. Walter G. Toepel, a vice-president of the plaintiff at that time, testified that he had charge of the matter, and that the $30,000 note was the only one executed in connection with the mortgage security. It also appears from the books of the plaintiff that $5,000 of this money was placed to the credit of defendant in a special account, and $25,000 to the credit of his general account.

These are the only items in the accounting which are directly challenged by defendant. It follows that the decree is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.